UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JAMES F. LEWIS,**

    **Plaintiff,**

v.                                                             Case No: 5:25-cv-209-JSS-PRL

**OFFICER BRIAN CAMPBELL and**
**OFFICER ROBERT S. CHAUSSE,**

    **Defendants.**

___

### ORDER

This cause comes before the Court on *pro se* Plaintiff's motion entitled "Emergency Motion to Request the Court Be Issued to a Third Party for Evidence Preservation," which the Court construes as a motion for entry of a preservation order. (Doc. 26). Plaintiff's "emergency motion" filed on June 25, 2025, requests that the Court issue an Order of preservation of evidence to the Town of Lady Lake, Florida—a non-party to this action—directing it to "preserve any and all materials in its control." (*Id.* at pp. 1-2). While the deadline for responding has not yet expired, *see* Local Rule 3.01(c), the Court does not require a response to resolve the motion, as it is due to be denied.

As an initial matter, Plaintiff's "emergency motion" fails to comply with Local Rule 3.01(e). Local Rule 3.01(e) provides that "[i]f a party moves for emergency or time-sensitive relief, . . . the motion must include an introductory paragraph that explains the nature of the exigency and states the day by which a ruling is requested." *See* M.D. Fla. Local Rule 3.01(e).[1]

---

[1] Notably, Local Rule 3.01(e) provides that "[t]he unwarranted designation of a motion as an emergency can result in a sanction." *See id.*

In his introductory paragraphs in the motion, as a basis for requesting emergency relief, Plaintiff asserts that he "will be issuing multiple subpoenas of discovery request[s] to the Town of Lady Lake concerning evidence that is very vital to support his allegations against their employees['] actions in civil matter." (Doc. 26 at p. 1). Plaintiff fails to explain the nature of this apparent exigency. He does not state how his discovery requests to the Town of Lady Lake would affect the preservation of existing evidence that it may have, nor does he provide specific reasons for seeking emergency relief with the Court. Thus, as a procedural matter, Plaintiff's motion is denied for failing to comply with this Court's Local Rules.

As a general matter, federal courts "may issue preservation orders as part of its inherent authority to manage its own proceedings." *See Arkin v. Gracey-Danna, Inc.*, No. 8:16-cv-1717-T-35AAS, 2016 WL 3959611, at *1 (M.D. Fla. July 22, 2016) (citing *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135-36 (Fed. Cl. 2004); *Robinson v. Gielow*, No. 3:14-cv-223-LAC-EMT, 2015 WL 4459880, at *3 (N.D. Fla. July 21, 2015)). In determining whether to issue a preservation order, some courts employ a "two-prong test," requiring the movant to demonstrate that the order is (1) "necessary" and (2) "not unduly burdensome." *See id.* (citing *Pueblo of Laguna*, 60 Fed. Cl. at 135-36). Other courts employ a "three-factor balancing test," which consider the following factors: (1) "the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence"; (2) "any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation"; and (3) "the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the

physical, spatial and financial burdens created by ordering evidence preservation." *See id.* (citations omitted).

Upon review, Plaintiff fails to make an adequate showing under either test. Plaintiff does not demonstrate a risk that existing and relevant evidence is in danger of being destroyed or was in danger of being destroyed at the time he filed the instant motion. Additionally, he does not explain how the evidence that the Town of Lady Lake supposedly has in its possession, custody, or control [2] is relevant to any claims or defenses in this action. Nevertheless, because the Town of Lady Lake is not a party to this litigation, absent a court order, it "has no duty to preserve evidence." *See id.* at *2. Thus, for the foregoing reasons, the Court declines to issue a preservation Order directing the Town of Lady Lake to preserve evidence at this juncture in the case.

Accordingly, upon due consideration, Plaintiff's Emergency Motion to Request the Court Be Issued to a Third Party for Evidence Preservation (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on June 27, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Plaintiff states that this evidence generally "includes, but is not limited to, documents, papers, letters, maps, books, tapes, photographs, films, sound recordings [including audio and video recordings], and data processing software." (Doc. 26 at pp. 2, 4).