## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**JAMES F. LEWIS,**

      **Plaintiff,**

**v.**                                                                    **Case No: 5:25-cv-209-JSS-PRL**

**OFFICER BRIAN CAMPBELL and**
**OFFICER ROBERT S. CHAUSSE,**

      **Defendants.**

_____

### ORDER

This cause comes before the Court on the Nonparty's Motion to Quash Plaintiff's Subpoena filed by the Town of Lady Lake. (Doc. 29). The Town of Lady Lake, a non-party to this action, asks the Court to quash Plaintiff's subpoena served on May 27, 2025, to the extent that the subpoena requires information pertaining to any and all arrests of persons by Defendants Officer Brian Campbell and Officer Robert Chausse (collectively, "Defendants") while employed by the Town of Lady Lake, and demands that Plaintiff be allowed to inspect documents and electronically stored information at the Lady Lake Town Hall on August 1, 2025 at 5:45 p.m. (*Id.* at pp. 1-3). The Town of Lady Lake asserts that the subpoena imposes an undue burden on it because the subpoena's request for the records of other persons arrested by Defendants since 2007 seeks discovery of information that is irrelevant and overbroad, and it cannot produce any discovery on August 1, 2025, as its administrative offices are closed on that day. (*Id.* at pp. 2-3). Plaintiff filed a response in opposition, asking the Court to modify the subpoena to require the Town of Lady Lake to produce information concerning the arrest

of persons by Defendants since May 14, 2021, and allow for a physical inspection to occur on August 4, 2025, when the Town of Lady Lake's administrative offices are open. (Doc. 32).

For the reasons explained below, the Town of Lady Lake's motion is due to be granted.

## I.   LEGAL STANDARDS

Courts have broad discretion in controlling the discovery in a case. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004). In general, the typical mechanism to obtain discovery from a nonparty is through a subpoena. *See generally* Fed. R. Civ. P. 45. "As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." *See* Fed. R. Civ. P. 34(c). Pursuant to Rule 45, a party may subpoena "a nonparty to, inter alia, produce documents, electronically stored information, or tangible things in documents in that [nonparty's] possession, custody, or control for inspection, copying, testing, or sampling." *See In re: Subpoena Upon NeJame Law, P.A.*, No. 6:16-mc-8-ORL-41TBS, 2016 WL 1599831, at *3 (M.D. Fla. Apr. 21, 2016) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(D)); *see also* Fed. R. Civ. P. 34(b)(1) (providing, in pertinent part, that a discovery request "must describe with reasonable particularity each item or category of items to be inspected" or produced, and "specify a reasonable time, place, and manner for the inspection and for performing the related acts"); *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 932 (N.D. Tex. 2017) (indicating that the "reasonable particularity requirement [in Rule 34(b)] should apply with no less force to a subpoena's document requests to a non-party") (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).

A party's ability to issue a subpoena to a nonparty, however, is not without limits. Rule 45(d)(3) specifies when courts must quash, modify, or specify the conditions for a

nonparty to respond to a subpoena. *See* Fed. R. Civ. P. 45(d)(3). Relevant here, that rule provides that a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." *See* Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv); *see also* Fed. R. Civ. P. 45(d)(1) (requiring courts to ensure that a requested subpoena does not impose an "undue burden or expense" on the party responding to the subpoena). The moving party bears the burden to establish that the subpoena must be quashed or modified. *See Bledsoe v. Remington Arms Co.,* No. 1:09-cv-69(WLS), 2010 WL 147052, at *1 (M.D. Ga. Jan. 11, 2010) (citing *Wiwa*, 392 F.3d at 818); *Malibu Media, LLC v. Doe*, No. 8:14-cv-2351-T-36AEP, 2015 WL 574274, at *3 (M.D. Fla. Feb. 11, 2015) ("The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3).") (citations omitted).

Discovery sought through a Rule 45 subpoena is subject to the same scope of permissible discovery as under Rule 26. *See Woods v. On Baldwin Pond, LLC*, No. 6:13-cv-726-ORL-19DAB, 2014 WL 12625078, at *1 (M.D. Fla. Apr. 2, 2014) (citation omitted); *Martin v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 8:13-cv-285-T-27MAP, 2013 WL 12156516, at *1 (M.D. Fla. July 1, 2013) (citation omitted). Rule 26(b) limits the scope of permissible discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); *see also Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570 (11th Cir. 1992) ("Discovery should be tailored to the issues involved in the particular issue.") (citation omitted). When determining the permissible scope of discovery under Rule 26(b)(1), courts consider, among other things, "the importance of the issues at stake in the action, . . . the parties' relative access to relevant information, . . . the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C) requires courts to limit the extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *See* Fed. R. Civ. P. 26(b)(2)(C).

## II.    DISCUSSION

In this case, the Court finds that the Town of Lady Lake has shown that the subpoena's request for the compilation of arrest records concerning other persons, and the desired physical inspection would impose an undue burden on the Town of Lady Lake. First, Plaintiff's subpoena contains a request for "[d]ocumented information pertaining to any and all arrest[s] of persons" by Defendants Officer Brian Campbell and Officer Robert Chausse while "employed by the Town of Lady Lake." (Doc. 29 at pp. 8, 13). This broad request, which seeks the arrest records of other persons,[1] does not contain a limitation on the scope or time, or any other limitation narrowly tailored to seek information relevant and proportional to the needs of the case. *See United States Willis v. SouthernCare, Inc.*, No. CV410-124, 2015 WL 5604367, at *9 (S.D. Ga. Sept. 23, 2015) (finding request for "any copies of SouthernCare . . . documents" was overbroad because "it contain[ed] no tie-in to Willis' claims"); *see also Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 527 (N.D. Ga. 2012) ("Plaintiff's [broad] demands are like a bulldozer that levels an entire hill in the hopes of finding some specks of gold."). Plaintiff concedes this point, in part, and requests that the Court modify the subpoena to require the Town of Lady Lake to produce information concerning the arrest of individuals by

---

[1] The Town of Lady Lake indicates that the information Plaintiff seeks would date back to 2007. (*Id.* at p. 2).

Defendants since May 14, 2021. (Doc. 32 at p. 7). Plaintiff provides no explanation why information concerning the arrest of unknown individuals by Defendants since May 14, 2021, is relevant to this case. As such, the subpoena's request for the compilation of arrest records concerning other persons presents an undue burden on the Town of Lady Lake, as the request (as currently written) is irrelevant and overbroad, failing to limit the scope of requested discovery to that permitted by the Federal Rules of Civil Procedure. *See Trigeant Ltd. v. Petroleos De Venezuela, S.A.*, No. 08-80584-CIV, 2009 WL 10668731, at *4 n.9 (S.D. Fla. May 5, 2009) ("A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad."); *Alig-Mielcarek*, 286 F.R.D. at 528 (quashing subpoena because the plaintiff "made many requests that [were] not limited to the relevant time period at issue, nor has she made any effort to limit her request to those records containing information relevant to her claims in this case"). Therefore, the Town of Lady Lake shall not be required to respond to the subpoena's request for information pertaining to any and all arrests of persons by Defendants while employed by the Town of Lady Lake.

As to the subpoena requiring the production of documents and electronically stored information for a physical inspection at the Lady Lake Town Hall on August 1, 2025 at 5:45 p.m. (*see* Doc. 29 at p. 5), the Town of Lady Lake has shown that any inspection to occur on August 1, 2025 would impose an undue burden upon it. The Town of Lady Lake states that its administrative offices are closed on Friday, August 1, 2025, and therefore cannot permit any physical inspection of documents or electronically stored information on that day. (*Id.* at p. 3). Because an inspection cannot physically occur on August 1, 2025, Plaintiff instead requests that the subpoena be modified to allow for a physical inspection at the Lady Lake Town Hall on Monday, August 4, 2025. (Doc. 32 at p. 7).

While it is not known exactly what documents or information Plaintiff might now be seeking to inspect, the Town of Lady Lake represents that it has already produced discovery responsive to Plaintiff's subpoena requests. (*See* Doc. 29 at p. 2). The Town of Lady Lake indicates that as of the filing date of its motion on July 18, 2025, it has "complied with the subpoena by producing over 2.6 megabytes of data sent on a thumb drive [to the Plaintiff] via overnight mail for delivery on July 19, 2025." (*Id.* at p. 2). Furthermore, the Town of Lady Lake states that it "will also have paper copies of the documents delivered to [the Plaintiff] before August 1, 2025, from the thumb drive" to ensure compliance with Plaintiff's subpoena and avoid further litigation. (*Id.* at p. 3). In his opposition, Plaintiff provides no valid reason supporting his request for a physical inspection on August 4, 2025. Given the Town of Lady Lake's representations and statements made in its motion, and Plaintiff's lack of explanation for the desired inspection, it is unnecessary under these circumstances for a physical inspection to go forward. Therefore, the Town of Lady Lake shall not be required to permit Plaintiff a physical inspection of documents, electronically stored information, or tangible things in documents in the Town of Lady Lake's possession, custody, or control.

## III.  CONCLUSION

Accordingly, upon due consideration, the Nonparty's (Town of Lady Lake's) Motion to Quash Plaintiff's Subpoena (Doc. 29) is **GRANTED** as set forth herein.

**DONE** and **ORDERED** in Ocala, Florida on July 31, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties